Anthony D. WILLIAMS,
Plaintiff–Appellant,

v.

Tosha NEWELL, Correctional Officer, et al.; Abellatiff, Health Care Prison Doctor, Defendants–Appellees.

No. 01–1187.

United States Court of Appeals,
Sixth Circuit.

Dec. 4, 2001.

Before KENNEDY, MOORE, and COLE, Circuit Judges.

## ORDER

Anthony D. Williams, a pro se Michigan prisoner, appeals from a district court's order dismissing his prisoner's civil rights case. *See* 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Williams filed a complaint alleging that the defendant prison officials engaged in a campaign to retaliate against him for filing suit against some of the officers at the prison. The defendants filed motions to dismiss or for summary judgment, and Williams responded. The magistrate judge recommended granting the motions. Williams received an extension of time in which to file objections, but he never filed any objections. The district court noted that Williams had waived any further appeal, and the court dismissed the case. Williams filed a timely appeal, and the case is fully briefed.

In the brief from the state attorney general's office, counsel argues that the appeal should be dismissed for lack of jurisdiction because the dismissal was without prejudice, citing *Sandul v. Larion,* 119 F.3d 1250 (6th Cir.1997). We conclude that *Sandul* is distinguishable from the present case because *Sandul* involved an excessive force claim that the plaintiff at one point chose to dismiss voluntarily. 119 F.3d at 1253. The present case did not involve a voluntary dismissal, and we choose to follow the Supreme Court's general rule that the fact of dismissal without prejudice does not make the case unappealable where the dismissal of the case ended the action so far as the district court was concerned. *United States v. Wallace & Tiernan Co.,* 336 U.S. 793, 795 n. 1, 69

S.Ct. 824, 93 L.Ed. 1042 (1949); *see also Mirpuri v. ACT Mfg., Inc.,* 212 F.3d 624, 629 (1st Cir.2000). We therefore decline to dismiss the appeal.

Turning to the district court's decision, we conclude that Williams's failure to file objections to the magistrate judge's report waives his right to present any issues on appeal. *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981). We affirm the district court's order on this basis.

The defendants request this court to hold that this appeal is frivolous and to declare that Williams has received a "strike" for the purposes of the "three strikes" rule in 28 U.S.C. § 1915(g). We choose to follow the Second Circuit on this issue and decline, at this time, to declare that Williams has received a "strike" under § 1915(g). *See Snider v. Melindez,* 199 F.3d 108, 115 (2d Cir.1999). We also choose to follow the Second Circuit's recommendation that we, as the court deciding the case, make clear the reason for our decision. *Id.* Even though the district court informed Williams that his failure to object waived further appeal in this case, he appealed anyway. We conclude that the appeal is frivolous because Williams has not presented any issue with an arguable or rational basis in law. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The order of the district court is affirmed because the appeal is frivolous. Rule 34(j)(2)(A), Rules of the Sixth Circuit.