Richard CLEMONS, Plaintiff,

v.

Mark YOUNG and Anthony Gaines, Defendants.

No. 02–10246–BC.

United States District Court, E.D. Michigan, Northern Division.

Jan. 21, 2003.

**640**

Richard Clemons, Baraga, MI, Pro se.

### ORDER DENYING MOTION FOR RELIEF

LAWSON, District Judge.

On December 6, 2002, this Court entered an order revoking the plaintiff's *in forma pauperis* status on the ground that he had accumulated three "strikes"—suits that were dismissed as malicious, frivolous, or because of failure to state a claim upon which relief could be granted—pursuant to 28 U.S.C. § 1915(g). The plaintiff has since moved for relief from that order pursuant to Rule 60(b)(6), arguing that one of his prior dismissed lawsuits, *Clemons v. Wiese*, No. 2:99–CV–141 (W.D.Mich., March 10, 2000), should not be counted as a "strike" because, although some of the counts of the complaint in that case were indeed dismissed on the merits as frivolous, other counts were dismissed without prejudice for failure to exhaust administrative remedies.

The plaintiff finds support for his argument in an order entered in yet another lawsuit involving the plaintiff, *Clemons v. Unknown Cook et al,* No. 5:01–CV–163 (W.D. Mich., April 17, 2002), in which United States District Judge David W. McKeague, the same judge who had dismissed *Wiese,* vacated his own "three strikes" order revoking the plaintiff's pauper status, reasoning that "[b]ecause [*Wiese*] was only partially dismissed as frivolous, the Court will not count the dismissal as a strike." Order to Proceed In Forma Pauperis at 1. The plaintiff contends that Judge McKeague's action in *Unknown Cook* binds this Court and prohibits it from counting *Wiese* as a "strike" under the doctrines of law of the case and *res judicata.*

Contrary to the plaintiff's claim, the law-of-the-case doctrine is inapplicable outside the confines of the same lawsuit. *See Pacific Employers Ins. Co. v. Sav–A–Lot of Winchester,* 291 F.3d 392, 398 (6th Cir. 2002) ("Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court in the same case.") (quoting *Bowling v. Pfizer, Inc.,* 132 F.3d 1147, 1150 (6th Cir.1998)). Since the present action is not related to either *Unknown Cook* or *Weise,* the doctrine has no application here. Nor is Judge McKeague's finding binding on this Court by the principles of *res judicata.* Res judicata only bars later proceedings between the same parties involving the same claims. *Wilkins v. Jakeway,* 183 F.3d 528, 532 (6th Cir.1999). Nothing indicates any such relationship between *Unknown Cook* and this case. If there were, this suit would be barred—not enabled—by *res judicata.*

Furthermore, the Court does not agree with the premise underlying the order reversing the called third strike in *Unknown Cook.* No authority is cited for the proposition that a complaint dismissed in part as

frivolous and in part without prejudice because of the failure to exhaust administrative remedies is not a "strike" for the purposes of 28 U.S.C. § 1915(g). The statute reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [Section 1915] if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, *brought an action* or appeal *in a court of the United States that was dismissed on the grounds that it [was] frivolous,* malicious, or fail[ed] to state a claim upon which relief could be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). The counts of the plaintiff's action in *Wiese* adjudicated on the merits were dismissed on the ground that they were frivolous. There is no indication in the statute that including unexhausted claims in an otherwise frivolous complaint will inject merit into the action and render it "non-frivolous."

■■■ Three circuits have addressed similar issues, with mixed results. In *Rivera v. Allin,* 144 F.3d 719, 731 (11th Cir.1998), a prior lawsuit which was dismissed without prejudice was counted as a "strike." The court of appeals reasoned that a dismissal for failure to exhaust administrative remedies, where the dismissing court also found that the plaintiff had abused the judicial process, was sufficiently similar to a dismissal for failure to state a claim upon which relief can be granted as to fall within the scope of § 1915(g). However, in *Snider v. Melindez,* 199 F.3d 108, 110–12 (2d Cir.1999), the court held that a complaint dismissed in its entirety without prejudice pursuant to 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") was not a "strike." The court believed that "the apparent purposes of ... the three strikes provision of Section 1915(g) strongly imply that the dismissal contemplated in the[ ] provision[ ] is one that *finally* terminates the action because of a determination that it ultimately cannot succeed." *Id.* at 111. Finally, in *Patton v. Jefferson Corr. Center,* 136 F.3d 458, 463–64 (5th Cir.1998), the court counted as a strike a prior action which was dismissed in part as frivolous and in part because it alleged a habeas corpus-type claim which was unexhausted. The court observed that the prior habeas claim was not found to be "*non*-frivolous." Moreover, "[a]lthough the dismissal without prejudice of the habeas claim does not equate to a finding of frivolousness, it more closely parallels such a conclusion than it does a determination of non-frivolousness." *Id.* at 464.

This Court agrees with the reasoning of the Second Circuit in *Snider,* that an action dismissed *entirely* without prejudice is not a "strike" for the purpose of Section 1915(g). If the plaintiff's *entire* complaint in *Wiese* had been dismissed without prejudice for failure to exhaust remedies, then that action would not have been considered one of the "3 or more prior occasions." Likewise, if any of the claims were found to have merit, the presence of frivolous claims would not by themselves draw the action into the circle traced by Section 1915(g). But, as noted above, that is not what happened in that case. Rather, several claims in the plaintiff's complaint *were* dismissed as frivolous, and there was no finding that any of the other claims arguably had any merit. As in *Patton,* this Court sees no reason why the plaintiff's

decision to add additional claims also not properly before the Court should excuse his decision to advance frivolous and meritless claims in the same complaint. The entire purpose of § 1915(g) would be subverted if prisoners could skirt its procedural bar merely by appending unexhausted claims to a complaint otherwise subject to summary dismissal on the merits.

Federal Rule of Civil Procedure 60(b)(6), upon which the plaintiff specifically relies here, provides relief only in "extraordinary" circumstances not contemplated by the other subsections of Rule 60(b). *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund,* 249 F.3d 519, 523–24 (6th Cir.2001). Because the plaintiff alleges that this Court legally erred in determining the Order in the *Wiese* case to be a strike for purposes of 28 U.S.C. § 1915(g), the Court finds that the motion is more properly considered one raised pursuant to Rule 60(b)(1) on the ground of legal mistake by the Court. *See Barrier v. Beaver,* 712 F.2d 231, 234 (6th Cir.1983). For the reasons stated, however, the Court finds that it correctly dismissed the plaintiff's complaint, and that no legal mistake occurred within the meaning of Rule 60(b)(1).

Accordingly, it is **ORDERED** that the Motion for Relief [dkt. # 8] is **DENIED.**