John L. SMITH, A/K/A Shahid Taqwa ADC # 87177 Plaintiff

v.

James DUKE, Hearing Officer, Arkansas Department of Correction; J. Phillips, Sergeant, Cummins Unit, Arkansas Department of Correction; W. Taylor, Major, Cummins Unit, Arkansas Department of Correction Defendant

No. 5:02 CV 00349–WRW.

United States District Court, E.D. Arkansas, Pine Bluff Division.

Nov. 26, 2003.

John Smith/Taqwa, Grady, AR, Pro se.

## ORDER

WILSON, District Judge.

I reviewed the Proposed Findings and Recommended Disposition ("RD") of the Magistrate Judge (Doc. No. 9). I rejected the RD and filed an Order of Referral (Doc. No. 10). Upon reflection, because this is a matter of first impression in this Circuit, I determined that it was I who should enter this opinion. I agree with the portion of the RD which holds that the Plaintiff's claims must be dismissed without prejudice for failure to exhaust his administrative remedies.[1] I disagree with the portion of the RD which adopts the Eleventh Circuit's view that this dismissal should constitute a "strike"—a view opposed by the Second Circuit.[2] I find the Second Circuit's reasoning persuasive and I decline to equate dismissal for failure to exhaust administrative remedies of an otherwise meritorious claim with dismissal on the grounds a suit is frivolous, malicious, or fails to state a claim thus constituting a "strike" under 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act of 1995 ("PLRA").

The central issue to decide is whether failure to exhaust administrative remedies counts as a "strike" under 28 U.S.C. § 1915(g), the "three strikes" provision of the PLRA. The RD of the Magistrate Judge opines that the failure to exhaust is the same as a failure to state a claim under the cited statute.[3] However, the PLRA

---

1. 42 U.S.C. § 1997e(a); *see also Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Walker v. Maschner*, 270 F.3d 573 (8th Cir.2001); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir.2003).

2. *Snider v. Melindez*, 199 F.3d 108 (2d Cir. 1999).

3. Doc. No. 9 at 5.

does not use "failure to state a claim" and "failure to exhaust administrative remedies" interchangeably.[4] Nor is there any evidence of confusion between these two separate and distinct situations. In fact, equating failure to exhaust administrative remedies to failure to state a claim under the PLRA would create inconsistencies or redundancies in successive subsections of section 1997e of the PLRA.[5] Reading the whole act in context, I simply cannot find failure to exhaust administrative remedies, without more, within the scope of § 1915(g).

The statutory text at issue reads as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[6]

The Congressional mandate is clear and unambiguous. Congress outlined three situations in which a prisoner will receive a "strike." Courts have read related situations into § 1915(g) when a claim is baseless, without merit, or an abuse of the judicial process.[7] While these situations are not literally within § 1915(g), they are clearly associated with actions that are frivolous, malicious, or fail to state a claim upon which relief may be granted. All of the associations go to the merits of the claim itself, not the procedural posture. The ambiguity arises only when courts attempt to let dissimilar situations into the three specific reasons expressly provided by Congress for a strike. In this sense, reading failure to exhaust administrative remedies into the text of § 1915(g) is, in my view, classic judicial legislation rather than statutory interpretation. Despite the clear Congressional mandate, at least two circuits have split on the issue and I find it useful to continue.

The RD of the Magistrate Judge states, and I agree, that the Eighth Circuit has yet to decide this precise issue. The Second, Fifth, and Eleventh circuits have discussed failure to exhaust administrative remedies in the context of applying a "strike" under 28 U.S.C. § 1915(g) of the PLRA. I have examined the cases from each circuit for guidance.

In *Snider v. Melindez*,[8] the Second Circuit conducted a thorough analysis of the PLRA. The Court reasoned that a claim dismissed entirely without prejudice for failure to exhaust administrative remedies is not a "strike" under § 1915(g). The Court stated, "the apparent purposes of section 1997e(c)(2) and of the three strikes provision of Section 1915(g) strongly imply that the dismissal contemplated in these provisions is one that *finally* terminates the action because of a determination that it ultimately cannot succeed."[9] As stated above, I find the Second Circuit's analysis persuasive.

In *Rivera v. Allin*,[10] the Eleventh Circuit allowed two dismissals without prejudice, for failure to exhaust administrative

---

4. 42 U.S.C. § 1997e(c)(1–2).

5. *See Snider*, 199 F.3d at 111.

6. 28 U.S.C. § 1915(g).

7. *See Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998).

8. 199 F.3d 108 (2d Cir.1999). The Honorable Gerald W. Heaney, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sat by designation.

9. *Id.* at 111.

10. 144 F.3d 719 (11th Cir.1998).

remedies, to count as "strikes" under 28 U.S.C. § 1915(g) of the PLRA. In the first dismissal, the Eleventh Circuit stated, "a claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."[11] In making this determination, the Eleventh Circuit did not analyze the text of the PLRA, but instead chose to rely on pre-PLRA law and an Eighth Circuit opinion, that did not involve a prisoner.[12] A close reading of *Porter* does not support the Eleventh Circuit's position. The Eighth Circuit explicitly notes, "the new procedures in the Prison Litigation Reform Act of 1995(citation omitted), allowing dismissal for failure to state a claim do not apply to this case: Porter was not proceeding *in forma pauperis*, nor was he a prisoner."[13] The Eighth Circuit also discussed the difference between claims that are frivolous and claims which fail to state a claim and stated, "the Court noted that review under Rule 12(b)(6) ordinarily afforded a litigant notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion was ruled upon."[14] Under 42 U.S.C. § 1997e(a), dismissal for failure to exhaust administrative remedies is mandatory.[15] The dismissal is in accordance with section 1997e(a) for failure to exhaust,[16] not Rule 12(b)(6) for failure to state a claim. Unlike failure to state a claim under Rule 12(b)(6), under section 1997e(a), a litigant is not given an opportunity to amend his complaint or exhaust remedies before dismissal.

In the second dismissal, Rivera lied under penalty of perjury and the district court explicitly found that Rivera had abused the judicial process.[17] The Court stated, "[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)."[18] I agree with this assertion, but this is not the issue in the present case. While curbing abuse of judicial process was clearly one purpose behind the PLRA, a "strike" for failure to exhaust administrative remedies was not included by Congress in section 1915(g) and is a procedural landmine awaiting any *pro se* litigant.

In *Patton v. Jefferson Corr. Ctr*,[19] the Fifth Circuit counted as a "strike" a claim which was dismissed in part as frivolous and in part because of an unexhausted *habeas*-type claim. The Court reasoned, "[a]lthough the dismissal without prejudice of the *habeas* claim does not equate to a finding of frivolousness, it more closely parallels such a conclusion than it does a determination of nonfrivolousness."[20] I agree that the text of the PLRA supports this position, as part of the claim was

---

**11.** *Id.* at 731. This statement is at odds with the Second Circuit's decision in *Snider v. Melindez*, 199 F.3d 108 (2d Cir.1999).

**12.** *Id. see also Henry v. Med. Dept. SCI–Dallas,* 153 F.Supp.2d 553, 555 (M.D.Pa.2001) (citing *Porter v. Fox,* 99 F.3d 271 (8th Cir.1996)).

**13.** *Porter v. Fox,* 99 F.3d 271, 273 (8thCir.1996).

**14.** *Id.* at 273 (citing *Neitzke v. Williams,* 490 U.S. 319, 329, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

**15.** *See Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

**16.** *Johnson,* 340 F.3d at 627.

**17.** *Rivera,* 144 F.3d at 731.

**18.** *Id.* at 731.

**19.** 136 F.3d 458 (5th Cir.1998).

**20.** *Id.* at 463–64.

frivolous. An unpublished Eighth Circuit opinion, *Armentrout v. Tyra*,[21] also supports this line of reasoning. In *Armentrout*, the Eighth Circuit stated, "we believe the district court correctly concluded a second of Armentrout's prior actions—an action which was dismissed without prejudice under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)—counted as a strike."[22] A strike would probably be in order if this case were dismissed in part as frivolous, regardless of the basis for the other part of dismissal. I also believe a dismissal under *Heck* counts as a strike. But we have neither here.

The issue in *Heck* was not one of exhaustion, but whether a claim for monetary damages challenging a conviction is cognizable under section 1983.[23] A conviction must be invalidated or called into question to establish a basis for monetary damages for wrongful conviction in a section 1983 action. The conviction in *Heck* was not invalidated or called into question, therefore no basis for the claim existed. A claim without arguable basis in law or fact is a frivolous claim.[24] This is distinguishable from the present case. A dismissal for failure to exhaust is a procedural shortcoming that can be rectified without any substantive amendment once the exhaustion requirement has been satisfied. In the present case, the Plaintiff is not attempting to challenge his disciplinary conviction under section 1983, because the Warden already reversed Plaintiff's disciplinary conviction.[25] Unlike a *Heck* dismissal, a dismissal for failure to exhaust administrative remedies alone, without a finding of maliciousness, frivolousness, or failure to state a claim, is not a baseless claim.

I am satisfied that Congress knows how to distinguish failure to exhaust from failure to state a claim. This is evident in the fact that the PLRA uses both phrases, separately, without confusion, and Congress did not list failure to exhaust among the bases for a strike. There is always hue and cry[26] that judges should interpret the law, not *make* it. Often it is hard to discriminate the two, but here it is not. I'll decline the opportunity to "help" Congress with its plain language. Therefore, the complaint is DISMISSED without prejudice. This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g).

### JUDGMENT

Pursuant to the Order entered this date, Plaintiff's complaint is DISMISSED without prejudice.

---

**21.** *Armentrout v. Tyra*, 175 F.3d 1023, 1999 WL 86355 (8th Cir. Feb.9, 1999) (unpub. table op.).

**22.** *Id.* (citing *Rivera*, 144 F.3d at 731 and *Patton*, 136 F.3d at 463–64).

**23.** *Heck v. Humphrey*, 512 U.S. 477, 483, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

**24.** *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir.2002) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

**25.** Doc. No. 2.

**26.** The side of the spectrum from where the hue and cry comes depends on the issue at hand.