*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0363p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

DENNIS POINTER,

*Plaintiff - Appellant,*

*v.*

No. 06-3393

REGINALD WILKINSON, et al.,

*Defendants - Appellees.*

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 06-mc-00006—Sandra S. Beckwith, Chief District Judge.

Argued: July 26, 2007

Decided and Filed: September 6, 2007

Before: BATCHELDER and GRIFFIN, Circuit Judges; ACKERMAN, District Judge.[*]

---

## COUNSEL

**ARGUED:** Danielle M. Hohos, JONES DAY, Washington, D.C., for Appellant. Jeffrica Jenkins Lee, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Intervenor. **ON BRIEF:** Danielle M. Hohos, Donald B. Ayer, JONES DAY, Washington, D.C., for Appellant. Jeffrica Jenkins Lee, Barbara L. Herwig, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Intervenor.

---

## OPINION

---

HAROLD A. ACKERMAN, District Judge. This case requires us to resolve a novel question regarding the application of 28 U.S.C. § 1915(g), the "three-strikes" provision added to the *in forma pauperis* ("IFP") statute by the Prison Litigation Reform Act ("PLRA"). The three-strikes rule, in an effort to lessen the crush of frivolous prisoner filings in the federal courts, precludes prisoners – unless they face imminent danger of serious physical injury – from proceeding IFP if they have had three prior cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Plaintiff Dennis Pointer appeals the District Court's denial of his motion to proceed IFP based on the District Court's counting of one of his prior suits as a "strike." In this prior suit, six of Pointer's eight claims were dismissed with prejudice for failure to state a

---

[*] The Honorable Harold A. Ackerman, Senior United States District Judge for the District of New Jersey, sitting by designation.

claim, and two were dismissed without prejudice for failure to exhaust administrative remedies.  We conclude that the District Court properly characterized this type of dismissal as a strike, and we also reject Pointer's constitutional challenge to § 1915(g).  Therefore, we **AFFIRM** the judgment of the District Court.

## I. Background

Pointer is an inmate at the Warren Correctional Institution ("WCI") in Lebanon, Ohio.  Prior to initiation of the instant suit, Pointer had three cases dismissed, each of which were filed in the Southern District of Ohio.  Pointer does not dispute the classification of two of his prior dismissals as strikes, i.e., *Pointer v. Lyon*, No. 02-486 (S.D. Ohio Aug. 29, 2003), *aff'd*, No. 03-4303 (6th Cir. Oct. 1, 2004); and *Pointer v. Brown & Williamson Tobacco Corp.*, No. 97-627 (S.D. Ohio July 2, 1997).  In his third prior dismissal, *Pointer v. Jorgensen-Martinez*, No. 00-861 (S.D. Ohio Oct. 13, 2000), the district court dismissed all eight counts of Pointer's complaint.  However, of the eight counts, the district court dismissed only six of them with prejudice for failure to state a claim upon which relief may be granted.  Two counts were dismissed without prejudice to refiling because Pointer had failed to exhaust all available prison administrative remedies.

Pointer filed the instant action and a motion for leave to proceed IFP in the Southern District of Ohio on January 26, 2006.  Pointer's Complaint asserts several claims pursuant to 42 U.S.C. § 1983 against the Director of the Ohio Department of Rehabilitation and Correction, the WCI warden, other WCI officials, various unknown parole board members, and prosecutors in Cuyahoga County, Ohio.  He asserts violations of his rights stemming from his November 2003 parole board hearing, a May 2004 meeting with a WCI official, and a July 2004 disciplinary action and local control placement hearing.

On the same day that the Complaint and IFP motion were filed, January 26, 2006, Chief Judge Sandra S. Beckwith entered an Order denying Pointer's IFP motion and ordering him to pay the full $250 filing fee within 30 days or face dismissal of his action.  The District Court concluded that Pointer's three prior dismissals counted as strikes under § 1915(g), and the statutory exception to the three-strikes rule did not apply.[1]  The District Court further certified that an appeal of the court's order would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

On February 3, 2006, Pointer moved for reconsideration of Chief Judge Beckwith's Order and subsequently moved to extend the time to pay the $250 filing fee and to amend his Complaint to name additional defendants.  The District Court denied Pointer's motions in an Order dated March 2, 2006.  Pointer contended in his motion for reconsideration that because the dismissal of his complaint in *Jorgensen-Martinez* was not entirely with prejudice, it should not have been counted as a strike.  The District Court, relying on *Clemons v. Young*, 240 F. Supp. 2d 639 (E.D. Mich. 2003), rejected Pointer's argument, agreeing with *Clemons* that a complaint dismissed in part with prejudice for failure to state a claim and in part without prejudice for failure to exhaust

---

[1]Pointer failed to allege any facts indicating that he faces "imminent danger of serious physical injury."  Indeed, as Chief Judge Beckwith noted, the acts about which he complained occurred in 2003 and 2004.  *See, e.g.*, *Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002) (joining Third, Fifth, Eighth, and Eleventh Circuits in holding that imminent danger exception requires that the danger exist at time complaint is filed) (collecting cases).

administrative remedies qualifies as a strike under § 1915(g).[2]  The District Court thus denied the motion for reconsideration and again certified that an appeal would not be taken in good faith.

Pointer filed a notice of appeal of the denial of his IFP motion with this Court on March 9, 2006.  Magistrate Judge Timothy S. Hogan entered a Deficiency Order dated March 14, 2006, requiring Pointer to apply for IFP status on appeal, because Pointer failed to pay the appeal filing fee.  While Pointer's appeal was pending, the District Court entered an Order dismissing Pointer's Complaint for failure to pay the $250 district court filing fee, and the District Court yet again certified that any appeal would not be taken in good faith.

Pointer moved this Court for leave to file IFP, and his motion was granted and counsel was appointed.  Pointer challenges both the classification of the dismissal in *Jorgensen-Martinez* as a strike and the constitutionality of § 1915(g).  The only brief in opposition to Pointer comes from the United States as intervenor.  The Government "takes no position" on "the question whether an action that was dismissed without prejudice as to some claims for failure to exhaust administrative remedies constitutes a 'strike' within the meaning of § 1915(g)."  (Gov't Br. at 2 n.2.)  Rather, the Government devotes the entirety of its 35-page brief to defending the constitutionality of § 1915(g) and arguing that *Wilson v. Yaklich*, 148 F.3d 596 (6th Cir. 1998), in which this Court held that § 1915(g) is constitutional, is controlling.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 to hear Pointer's action brought under 42 U.S.C. § 1983.  This Court has jurisdiction over Pointer's timely appeal pursuant to 28 U.S.C. § 1291.

## II.  Analysis

### A.        The District Court Did Not Err in Denying Pointer's Motion to Proceed IFP.

This Court reviews a district court's denial of pauper status for abuse of discretion.  *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).  The IFP statute allows prisoners to bring suit without pre-paying court fees, thus ensuring they have some "meaningful access to the federal courts." *Wilson*, 148 F.3d at 600 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).[3]  The PLRA provision at issue, 28 U.S.C. § 1915(g), states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Pointer argues that the dismissal in *Jorgensen-Martinez* should not have been counted by the District Court as a strike because two of the claims in that case were dismissed

---

[2]Pointer also alleged that at the time he filed the instant Complaint, he suffered from various dental problems. Chief Judge Beckwith concluded that his dental problems did not rise to the level of "imminent danger of serious physical injury" required by the exception to the three-strikes rule.  The District Court did not address Pointer's other arguments because they concerned the merits of the underlying claims and could not remove his inability to proceed IFP.

[3]Prior to the PLRA, the IFP statute allowed prisoners and other indigents to proceed IFP without paying any court fees.  The PLRA requires prisoners who qualify for IFP status to pay an initial partial fee, followed by installment payments until the entire filing fee is paid.  28 U.S.C. § 1915(b).

without prejudice for failure to exhaust. Neither this Court nor any other court of appeals has directly addressed whether a dismissal counts as a strike where some claims were dismissed for failure to state a claim and some for failure to exhaust.

The District Court below relied upon *Clemons v. Young*, in which a court in the Eastern District of Michigan held that "an action dismissed *entirely* without prejudice is not a strike" but that a complaint dismissed in part as frivolous and in part without prejudice due to failure to exhaust should be counted as a strike. 240 F. Supp. 2d at 641-42 (emphasis added) (citing *Snider v. Melindez*, 199 F.3d 108, 110-12 (2d Cir. 1999)). The court in *Clemons* recognized that if some claims were dismissed without prejudice for failure to exhaust and other claims "were found to have merit," then the dismissal of other frivolous claims would not render the dismissal a strike. Yet in the situation presented there, where "several claims in the plaintiff's complaint *were* dismissed as frivolous, and there was no finding that any of the other claims arguably had any merit," then the addition of "claims not properly before the Court" because they are not exhausted fails to "excuse [the] decision to advance frivolous and meritless claims in the same complaint." *Id.* (emphasis in original). The court persuasively reasoned that "[t]he entire purpose of § 1915(g) would be subverted if prisoners could skirt its procedural bar merely by appending unexhausted claims to a complaint otherwise subject to summary dismissal on the merits." *Id.* at 642.

We find the *Clemons* court's reasoning in this regard to be compelling, and that the District Court properly applied *Clemons* in determining that the *Jorgensen-Martinez* dismissal counts as a strike.[4] Pointer's arguments to the contrary are unavailing. Pointer first seizes on the statement in *Clemons* that "if any of the claims were found to have merit, the presence of frivolous claims would not by themselves draw the action into the circle traced by Section 1915(g)." *Clemons*, 240 F. Supp. 2d at 641. Pointer argues that here, his prior claims dismissed without prejudice were not found to be frivolous, and therefore *Clemons* is distinguishable. However, Pointer misreads *Clemons*. *Clemons* did not depend on a finding that the *non-exhausted* claims were frivolous; rather, the court in *Clemons* stated that several claims in the prior complaint were dismissed as frivolous, and others were dismissed for failure to exhaust. *Id.* The text of § 1915(b) draws no distinction between claims dismissed as frivolous or for failure to state a claim; both types of dismissals count as a strike. The court in *Clemons* found with regard to frivolity dismissals that "[t]here is no indication in the statute that including unexhausted claims in an otherwise frivolous complaint will inject merit into the action and render it 'non-frivolous.'" *Id.* Similarly here, inclusion of unexhausted claims in a

---

[4]Other courts within our Circuit and elsewhere have been similarly persuaded by *Clemons*. *See Shaw v. Weaks*, No. 06-2024, 2006 WL 1049307, at *6 n.13 (W.D. Tenn. Apr. 20, 2006) (citing *Clemons*) ("The fact that some of plaintiff's claims in this action have been dismissed for failure to exhaust does not preclude the imposition of a strike on the basis of claims that were dismissed for failure to state a claim or as frivolous."); *Newberg v. Shelby County*, No. 05-2008, 2005 U.S. Dist. LEXIS 41477, at *20 n.7 (W.D. Tenn. Apr. 20, 2005) (same); *Clark v. Corr. Corp. of Am.*, No. 04-1038, 2004 U.S. Dist. LEXIS 29960, at *16 n.3 (W.D. Tenn. Aug. 30, 2004) (same). District courts outside this Circuit have similarly held, or have relied on *Clemons*'s reasoning. *See, e.g.*, *Eady v. Lappin*, No. 05-0824, 2007 WL 1531879, at *2 (N.D.N.Y. May 22, 2007) (recognizing that "several courts have held that a strike may be earned for a *partial* dismissal of an action on the grounds described in Section 1915(g)" and that a plaintiff "might earn a strike because *some* of his claims were dismissed for frivolousness, maliciousness, or failure to state a claim" (emphasis in original)); *President v. Duplichan*, No. 05-1178, 2006 WL 2540362, at *5 (W.D. La. June 14, 2006) (finding that § 1915(g) bars any future civil actions IFP by plaintiff where "Plaintiff has had at least three previous civil actions filed in this Court dismissed *in whole or in part* as frivolous, malicious, or for failing to state a claim upon which relief may be granted") (emphasis added); *Sims v. Daughtrey*, No. 06-131, 2006 U.S. Dist. LEXIS 41252, at *1-2 (N.D. Ind. Mar. 10, 2006) (holding that dismissals, with or without prejudice, pursuant to rule established by Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), are strikes "because when the complaint was filed it failed to state a claim upon which relief could be granted"); *Clay v. Corr. Manage Health Care/UTMB*, No. G-05-569, 2005 U.S. Dist. LEXIS 44012, at *3 (S.D. Tex. Nov. 3, 2005) (citing *Clemons*, 240 F. Supp. 2d at 641-42) ("It is obvious that Clay engages in recreational litigation and should not be allowed to avoid 'strikes' by alleging what appear to be valid claims only to abandon them when forced to address their merits.").

complaint in which all other counts fail to state a claim will not "inject merit into the action" and transform counts that do not state a claim into ones that do.

Indeed, in *Jorgensen-Martinez*, although some claims were dismissed without prejudice for failure to exhaust, none of the claims were found to have merit or to state a claim. Section 1915(g) contemplates that such a meritless filing will be deemed a strike. The same reasoning offered in *Clemons* applies here: the congressional purpose of § 1915(g) would be subverted if, by adding unexhausted claims to a complaint that otherwise does not state a claim upon which relief may be granted, a prisoner could repeatedly escape imposition of a strike and thus evade the bar imposed by the three-strikes rule.

Pointer also relies on this Court's not-precedential decision in *Williams v. Newell*, 22 F. App'x 581 (6th Cir. 2001), and characterizes that opinion as one in which this Court "declined to award a strike where a prisoner's complaint was dismissed without prejudice." (Pointer Br. at 9.) A panel of this Court indeed declined to impose a strike in *Williams*, and followed the Second Circuit's opinion in *Snider v. Melindez* in so holding. *Williams*, 22 F. App'x at 582 (citing *Snider*, 199 F.3d at 115). Yet *Williams* involved a prior dismissal without prejudice in its *entirety* for failure to exhaust, and, contrary to Pointer's suggestion, the panel did *not* conclude that a dismissal without prejudice is not a strike. The defendant in *Williams* asked the panel to hold that the appeal was frivolous and to declare that the plaintiff had received a strike for the underlying dismissal. *Williams*, 22 F. App'x at 582. The panel declined to do so, relying on the Second Circuit's advice in *Snider* that a court should not impose a strike at the time that a case is dismissed. *Id.* (citing *Snider*, 199 F.3d at 115). Rather, according to the Second Circuit in *Snider* and the panel in *Williams*, a strike should only be imposed by a later court in the event that the prisoner attempts to file another suit and proceed IFP. *Snider*, 199 F.3d at 115; *Williams*, 22 F. App'x at 582. Thus, the panel in *Williams* expressed no view on whether the dismissal should count as a strike, but instead left that decision to a future court if the prisoner filed another complaint. *Williams*, 22 F. App'x at 582. The panel did "conclude that the appeal [was] frivolous" but it did not take the next step and impose a strike on the plaintiff. *Id. Williams*, therefore, is both non-binding and inapposite.

Pointer also finds support in *Snider* itself. The Second Circuit in *Snider*, in addition to providing guidance regarding the timing of the imposition of a strike, held that a dismissal of a complaint in its entirety without prejudice is not a strike. *Snider*, 199 F.3d at 111-12. Other courts have followed this approach and held that a *complete* dismissal without prejudice does not count as a strike.[5] Relying on the reasoning in *Snider* that § 1915(g) contemplates that a strike shall be imposed only for a dismissal "that finally terminates the action because of a determination that it ultimately cannot succeed," *id.* at 111, Pointer claims that counting the *Jorgensen-Martinez* dismissal as a strike penalizes him because the court in *Jorgensen-Martinez* did not make a final ruling on the merits of the entire case and also runs afoul of the principle that pro se claims should be liberally construed. But *Snider* provides no support for Pointer's argument that a dismissal in part without prejudice and in part with prejudice is not a strike. *Snider* addresses the status of a dismissal *entirely* without prejudice, whereas *Jorgensen-Martinez* was only dismissed in part without prejudice. We conclude that for a mixed dismissal such as *Jorgensen-Martinez*, the rule adopted in *Clemons* accords more closely with the purposes of § 1915(g) by discouraging prisoners from endlessly re-filing non-meritorious claims, and by not giving prisoners an incentive to include

---

[5] *See, e.g.*, *Owens v. Issac*, 487 F.3d 561, 563 (8th Cir. 2007) (stating that dismissal for failure to exhaust is not a strike); *Green v. Young*, 454 F.3d 405, 409 (4th Cir. 2006) ("[W]e must honor Congress's deliberate omission from § 1915(g) of dismissals for failure to exhaust and conclude that a routine dismissal for failure to exhaust administrative remedies does not count as a strike under § 1915(g)."); *Malek v. Reading*, 195 F. App'x 714, 716 (10th Cir. 2006) (concluding that "the dismissal of a § 1983 complaint for failure to exhaust is not considered a strike, since it is not a dismissal pursuant to § 1915(e)(2)(B)"); *Booth v. Carril*, No. 05-72905, 2007 WL 295236, at *3 (E.D. Mich. Jan. 29, 2007) (holding that "routine dismissal for failure to exhaust administrative remedies does not count as a strike").

unexhausted claims so that the case will not count as a strike if dismissed. *Clemons*, 240 F. Supp. 2d at 642. Indeed, the court in *Clemons* expressly agreed with *Snider*'s holding that an action dismissed "*entirely* without prejudice" is not a strike, but applied a different rule to a mixed dismissal. *Id.* at 641.

Furthermore, the Second Circuit's reasoning in *Snider* depends on the notion that "[f]ailure to exhaust administrative remedies is often a temporary, curable, procedural flaw," and therefore a strike should not be imposed "upon a prisoner who suffers a dismissal because of the prematurity of his suit but then exhausts his administrative remedies and successfully reinstitutes it." *Snider*, 199 F.3d at 112. If Pointer's instant Complaint merely reasserted the previously unexhausted claims he raised in *Jorgensen-Martinez*, his argument would be stronger. But such a case is not before the Court. As the District Court explained in denying Pointer's motion for reconsideration, the unexhausted claims in *Jorgensen-Martinez* arose from actions that occurred in 2000, while the claims in the instant case arose from occurrences in 2003 and 2004. (J.A. 28.) Thus, the two cases are not related. Pointer did not simply exhaust his administrative remedies on the claims dismissed without prejudice in *Jorgensen-Martinez* and then re-file them in the instant Complaint. Rather, he presents new claims wholly unrelated to the prior claims dismissed without prejudice. (J.A. at 28-29 ("[T]he instant case is neither a re-filing nor a continuation of his previous case.").)

More fundamentally, Pointer repeatedly misconstrues the basis for the *Jorgensen-Martinez* dismissal. Pointer's brief describes that dismissal as simply a dismissal without prejudice and attempts to downplay the fact that six of the eight claims were dismissed on the merits for failure to state a claim. (Pointer Br. at 1 ("dismissal without prejudice of a prior civil lawsuit"); *id.* at 8 (recognizing that six of the claims were dismissed with prejudice but nonetheless describing entire dismissal as "dismissal without prejudice and thus subject to being re-filed"); *id.* at 8 n.1 ("*Jorgensen-Martinez* was dismissed without prejudice").) Pointer's counsel made similar contentions at oral argument. Crucially, however, the *Jorgensen-Martinez* dismissal was not entirely without prejudice; it was a mixed dismissal, and six claims were dismissed without the possibility of being re-filed. Pointer's argument depends on the notion that dismissals without prejudice "make no determination on the merits of the case and as such, should not be treated as a strike." (*Id.* at 6.) But the court in *Jorgensen-Martinez* did make a determination on the merits as to many of the claims presented in the complaint. It is the very nature of a mixed dismissal such as that in *Jorgensen-Martinez* that strongly supports application of the *Clemons* approach. If *Jorgensen-Martinez* was solely dismissed for failure to exhaust, Pointer would have a more compelling argument that a strike should not be assessed.[6] But where an entire complaint is dismissed, in part for failure to exhaust and in part for one of the grounds stated in § 1915(g), the dismissal should count as a strike. *See, e.g.*, *Smith v. Duke*, 296 F. Supp. 2d 965, 966 (E.D. Ark. 2003) ("Reading the whole act in context, I simply cannot find failure to exhaust administrative remedies, *without more*, within the scope of § 1915(g)." (emphasis added)); *see also id.* at 968 ("[A] dismissal for failure to exhaust administrative remedies alone, without a finding of maliciousness, frivolousness, or failure to state a claim, is not a baseless claim.").

At oral argument, our attention was directed to *Thompson v. DEA*, in which the D.C. Circuit very recently addressed the status of *complete* dismissals for failure to exhaust under the three-strikes rule. __ F.3d __, 2007 WL 1814949 (D.C. Cir. June 26, 2007). In *Thompson*, the D.C.

---

[6]Faced with such a case, this Court could conceivably hold that § 1915(g) should not bar suit where a prisoner's new action only reasserts claims previously dismissed without prejudice; in such a situation, the prior dismissal in part with prejudice and in part without prejudice for failure to exhaust should perhaps not be counted as a strike. This Court has intimated such an approach in holding that "when a prisoner 'refiles' a complaint raising the same prison-conditions claims as a complaint that was initially dismissed without prejudice for failure to exhaust under the PLRA, the prisoner need not pay an additional filing fee under 28 U.S.C. § 1914(a)." *Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006) (citation omitted). However, such a case is not presently before us.

Circuit focused its inquiry on whether the non-prejudicial dismissal was expressly made for the reasons stated in § 1915(g). *Id.* at *3 (deciding whether "actions and appeals defeated by a failure to exhaust count as strikes"). Because judicial practices differ as to whether a dismissal for failure to exhaust counts as dismissal for failure to state a claim, the court refused to give any "categorical answer" to this question. *Id.* at *9 (quoting *Jones v. Bock*, 127 S. Ct. 910, 921 (2007) ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.")). The court in *Thompson* held that if a court dismisses a complaint for failure to exhaust "on a Rule 12(b)(6) motion or if it dismisses the complaint *sua sponte* and expressly declares that the complaint fails to state a claim, the dismissal counts as a strike." *Id.* at *10; *see also id.* at *11. However, if the complaint is dismissed by "some other procedural mechanism, such as a Rule 12(b)(1) motion or a motion for summary judgment, the motion will not count as a strike." *Id.* In so holding, the D.C. Circuit followed the practice of other courts of appeals. *See, e.g.*, *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (holding that "a dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.").

In *Thompson*, the court addressed whether a complaint dismissed *entirely* for failure to exhaust counted as a strike, and thus did not specifically address the mixed dismissal situation facing this Court in the instant matter. In such a context, we adopt a simpler approach: if a complaint is dismissed in part for failure to exhaust and in part for failure to state a claim or other grounds stated in § 1915(g), the dismissal is a strike, at least insofar as the new suit does not simply re-file previously non-exhausted claims. This rule, and its application to this case, does not contradict the D.C. Circuit's test as announced in *Thompson*. The dismissal in *Jorgensen-Martinez* does not "expressly declare[] that the *complaint* fails to state a claim" as a whole. *Thompson*, 2007 WL 1814949, at *10. However, the court in *Jorgensen-Martinez*, after finding that Pointer failed to exhaust administrative remedies for *all* the claims raised, nonetheless examined the claims without regard to exhaustion and dismissed six of them with prejudice, and *expressly* because the counts failed to state a claim.[7] Equally as important, the court dismissed the entire complaint in *Jorgensen-Martinez* on PLRA *sua sponte* review and did not dismiss the complaint or any of its claims by "some other procedural mechanism, such as a Rule 12(b)(1) motion or a motion for summary judgment." *Thompson*, 2007 WL 1814949, at *10. Under these circumstances, counting the dismissal as a strike would be appropriate under *Thompson*.

In conclusion, we hold that where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because "it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the dismissal should be counted as a strike under 28 U.S.C. § 1915(g). The District Court did not err in counting the dismissal in *Jorgensen-Martinez* as a strike, and did not abuse its discretion in holding that Pointer had three strikes and therefore could not proceed IFP pursuant to § 1915(g).[8]

---

[7]The District Court engaged in its review of Pointer's unexhausted claims pursuant to 42 U.S.C. § 1997e(c)(2), which provides that "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."

[8]In its appellate brief and at oral argument, counsel for the Government only defended the constitutionality of § 1915(g) and expressly took no position on the statutory question Pointer raises. We repeatedly asked counsel for the Government why the Government intervened in this case but took no position on an important federal statutory question that could impact many prisoner filings. While we recognize that counsel had severe limitations on her authority, we were not satisfied with the Government's answer. We have a responsibility to faithfully interpret and apply federal statutes, even if the Government has failed to take a position regarding the appropriate interpretation of § 1915(g). After our own careful review, we conclude that Pointer's interpretation lacks merit.

**B.      This Court Rejects Pointer's Challenge to the Constitutionality of Section 1915(g) Because *Wilson* Is Controlling.**

Much of Pointer's brief, and all of the Government's, is devoted to the constitutionality of § 1915(g). The parties would have been well-advised to not expend their energies on this argument. In *Wilson v. Yaklich*, this Court declared that § 1915(g) is constitutional. 148 F.3d at 604-06. Panels of this Court have repeatedly reaffirmed this holding and rejected attempts by prisoners to re-argue the issue or to have this Court reconsider *Wilson*. It is well established that a prior published decision of a Sixth Circuit panel "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001); *see also, e.g.*, *Asmo v. Keane, Inc.*, 471 F.3d 588, 600 (6th Cir. 2006) (Griffin, J., dissenting); Sixth Cir. R. 206(c). No Supreme Court decision mandates modification of *Wilson*, and Pointer points to no such decision from our highest Court. This Court has repeatedly rejected any invitation to reconsider *Wilson*, and we see no reason to entertain any contrary notion in this case.[9] Finally, Pointer concedes that *Wilson* controls. Therefore, we reject Pointer's constitutional challenge to § 1915(g).

## III. Conclusion

For the foregoing reasons, we **AFFIRM** the judgment of the District Court denying Pointer's motion to proceed IFP and dismissing Pointer's action for failure to pay the filing fee.

---

[9] Moreover, *every* court of appeals to consider the constitutionality of § 1915(g) has upheld the statute for the same reasons stated in *Wilson*. *See, e.g.*, *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002); *Higgins v. Carpenter*, 258 F.3d 797, 798 (8th Cir. 2001) (per curiam); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 316-19 (3d Cir. 2001) (en banc); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *White v. Colorado*, 157 F.3d 1226, 1232-35 (10th Cir. 1998); *Rivera v. Allin*, 114 F.3d 719, 732 (11th Cir.), *abrogated on other grounds*, *Jones v. Bock*, 127 S. Ct. 910 (2007); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).