NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0209n.06
Filed: April 22, 2008

No. 07-3930

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

DAVID E. FEATHERS,

    Plaintiff-Appellant,

       v.

GERALD T. MCFAUL, Sheriff, et al.,

    Defendants-Appellees.

On Appeal from the United
States District Court for the
Northern District of Ohio at
Cleveland

——————————————————————/

**Before:**     **GUY, SUHRHEINRICH, and GIBBONS, Circuit Judges.**

    **RALPH B. GUY, JR., Circuit Judge.**     Plaintiff David E. Feathers, a state prisoner

proceeding *pro se*, appeals from the dismissal of this civil action without prejudice pursuant

to the so-called "three strikes" provision of 28 U.S.C. § 1915(g). Concluding upon review

that at least two of the four previously dismissed lawsuits identified by the district court

should not be counted as "strikes," we reverse dismissal of the complaint and remand for

further consideration of the application to proceed *in forma pauperis* (IFP).

**I.**

    The complaint in this case, filed with an application to proceed without prepayment

of fees on January 26, 2007, alleged a failure to protect plaintiff from assault and severe

injury by another inmate while in protective custody at the Cuyahoga County Jail, and

deliberate indifference to his medical needs in the aftermath. Plaintiff alleged that he was in a coma for three days and recovered but continued to experience headaches and buzzing in his ears. Plaintiff also alleged that since his transfer to the Lake Erie Correctional Institution, prison officials have demonstrated indifference to his medical needs by forcing him to attend GED classes and not assigning him to a lower bunk. It is also alleged that plaintiff was subjected to retaliatory actions because of his complaints concerning the alleged failure to accommodate his medical needs. In prescreening the case before service upon the defendants, the district court ordered that the case be dismissed without prejudice because:

> Feathers has on at least three occasions filed a civil action failing to state a claim in this court. *See Feathers v. Gansheimer*, Case No. 1:06 CV 487; *Feathers v. Portage County*, 5:05 CV 681; *Feathers v. Wilson*, 4:01 CV 1708; *Feathers v. Brown*, 5:00 CV 2430. Thus, as the complaint in the instant action does not contain allegations reasonably suggesting he is in imminent danger of serious physical injury, he may not proceed *in forma pauperis.*

(Order of 2/8/07, p.2.) Plaintiff sought reconsideration, arguing that (1) he was not granted leave to proceed IFP in these cases; (2) he was not served with notice of dismissal in two of the four cases; and (3) he was alleging imminent danger in his requests for injunction. The motion was denied in a marginal "non-document" order, a motion for extension of time to file notice of appeal was granted, and plaintiff was permitted to appeal IFP.

## II.

Section 1915(g), adopted as part of the Prison Litigation Reform Act of 1995 (PLRA), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [without prepayment of fees] if the prisoner has, on 3 or more occasions, while incarcerated or detained in any

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff's main argument seems to be that two of the four previously dismissed prisoner civil rights cases should not have been counted as "strikes" because he says he never received notice of their dismissal. The statute, however, imposes no notice requirement for prior dismissals to count as a "strike."

Nonetheless, our review of the docket sheets and orders entered in the four mentioned cases reveals that although they were all dismissed, at least two of them were dismissed for failure to adequately plead exhaustion of administrative remedies as required by 28 U.S.C. § 1997e. This court addressed a related issue concerning the counting of "strikes" under § 1915(g) in *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007), and held that a prisoner's prior complaint dismissed in part for failure to state a claim and in part without prejudice for failure to exhaust administrative remedies would qualify as a "strike." That is, the inclusion of some claims dismissed for failure to exhaust would not prevent the case from counting as a strike where other claims were dismissed for failure to state a claim.

The *Pointer* decision highlights that a dismissal without prejudice for failure to adequately plead exhaustion may be distinct from a dismissal for failure to state a claim upon which relief may be granted; only the latter being one of the three grounds enumerated in the statute as qualifying as a strike. While it remains possible for failure to exhaust to be a basis for dismissal under Fed. R. Civ. P. 12(b)(6), *see Jones v. Bock*, 127 S. Ct. 910, 921 (2007), the dismissal orders in *Feathers v. Gansheimer* and *Feathers v. Wilson* reflect that those

cases were dismissed *sua sponte* and in their entirety for failure to satisfy this court's now-abrogated requirement that prisoners specifically plead exhaustion of their administrative remedies. The dismissals of those complaints therefore were not dismissals on the grounds that the cases were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies—at least absent a finding that the failure to exhaust permanently bars the suit); *see also Green v. Young*, 454 F.3d 405, 409 (4th Cir. 2006) (holding that "a routine dismissal for failure to exhaust administrative remedies does not count as a strike under § 1915(g)").

Finding that at least two of the four prior dismissals should not have been counted as "strikes," we **REVERSE** the dismissal in this case and **REMAND** for further consideration of plaintiff's application to proceed without prepayment of fees.[1]

---

[1]Accordingly, we need not address plaintiff's argument that the district court erred in finding that he had not alleged facts reasonably suggesting that he was under imminent danger of serious physical injury.