FILED
United States Court of Appeals
Tenth Circuit

February 22, 2012

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JERRY L. THOMAS,

      Plaintiff-Appellant,

v.

DAVID PARKER; JIM REED;
SHANNON REED; BECKY GUFFY;
RODNEY REDMAN; JO GWINN;
BRANDY PAGE; AMY MADISON;
DEBBIE MORTON,

      Defendants-Appellees.

No. 11-6087
(D.C. No. 5:10-CV-00308-W)
(W.D. Okla.)

---

**ORDER**

---

Before **TYMKOVICH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**EBEL**, Circuit Judge.

---

**BRORBY**, Senior Circuit Judge.

---

     Plaintiff-appellant Jerry L. Thomas is a prisoner currently serving time in

an Oklahoma state prison. In this civil rights case brought under 42 U.S.C.

§ 1983, plaintiff is seeking to appeal the district court's entry of summary

judgment in favor of defendants on his claims that employees of the Oklahoma

Department of Corrections violated his constitutional rights during a period of

time when he was incarcerated at the James Crabtree Correctional Center in Helena, Oklahoma. As framed in defendants' "Objection" to plaintiff's motion to proceed on appeal in forma pauperis, the issue presently before this court is whether plaintiff has three "strikes" under 28 U.S.C. § 1915(g) because he has had three prior civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim.

As a starting point, it is undisputed that plaintiff has two strikes under § 1915(g) based on two frivolous appeals that he filed in this court in 2010. *See Thomas v. Parker*, 609 F.3d 1114, 1120-21 (10th Cir. 2010) (assessing strike for frivolous appeal); *Thomas v. Frech*, 400 F. App'x 315, 320 (10th Cir. 2010) (same). Both of these strikes ripened on March 21, 2011, when the United States Supreme Court denied plaintiff's petitions for a writ of certiorari. *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) ("We now clarify that a strike counts against a prisoner from the date of the Supreme Court's denial . . . of a petition for writ of certiorari, if the prisoner filed one . . . ."). Thus, these two strikes could be counted against plaintiff on April 1, 2011, when he filed his notice of appeal in this case.

The pivotal question for us to resolve is whether plaintiff should be assessed a third strike based on the district court's dismissal in 2008 of an action that plaintiff brought in the Western District of Oklahoma under § 1983 and the Religious Land Use and Institutionalized Persons Act. *See Thomas v. Parker*,

Case No. 07-CV-599-W, 2008 WL 2894842 (W.D. Okla. July 25, 2008). In that case, the district court entered an order that: (1) dismissed two counts in plaintiff's complaint for failure to state a claim; and (2) granted summary judgment and dismissed the remaining sixteen counts in plaintiff's complaint for failure to exhaust administrative remedies. *Id.* at *1, *16-18, *21. Given this mixed disposition, the question before us is whether the district court's partial dismissal for failure to state a claim can count as a strike under § 1915(g).

Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, . . . brought an *action* or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

Because the statute refers to dismissals of "*actions*," as opposed to "*claims*," it is well established that a partial dismissal based on one of the grounds enumerated in § 1915(g) is generally not a proper basis for assessing a strike. *See Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 432 (D.C. Cir. 2007) (holding that plain language of § 1915(g) provides that a plaintiff will incur a strike only when an entire action is dismissed based on one of the listed grounds); *Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010) (same); *Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011) (same). But in a

persuasive decision, the Sixth Circuit has held that a strike can properly be assessed under § 1915(g) when, as occurred in Case No. 07-CV-599-W, the plaintiff's claims are dismissed in part for failure to state a claim and in part for failure to exhaust administrative remedies, and no claims are allowed to proceed on the merits. *See Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) ("[W]e hold that where a complaint is dismissed in part . . . for failure to exhaust administrative remedies and in part . . . because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)."). In reaching this holding, the Sixth Circuit relied heavily on the district court decision in *Clemons v. Young*, 240 F. Supp. 2d 639 (E.D. Mich. 2003). *See Pointer*, 502 F.3d at 372-77.

We are persuaded by the Sixth Circuit's reasoning in *Pointer*, and we thus conclude that plaintiff has a third strike based on the district court's partial dismissal of two counts for failure to state a claim in Case No. 07-CV-599-W.[1] First, as in *Pointer*, none of the unexhausted claims in Case No. 07-CV-599-W "were found to have merit or to state a claim." *Pointer*, 502 F.3d at 374. Instead, they were in effect a nullity due to the failure to exhaust. Second, "the congressional purpose of § 1915(g) would be subverted if, by adding unexhausted

---

[1]     The partial dismissal in Case No. 07-CV-599-W ripened into a strike on October 5, 2009, when the United States Supreme Court denied plaintiff's petition for a writ of certiorari. *See Hafed*, 635 F.3d at 1176.

-4-

claims to a complaint that otherwise does not state a claim upon which relief may be granted, a prisoner could repeatedly escape imposition of a strike and thus evade the bar imposed by the three-strikes rule." *Id.*; *see also Clemons*, 240 F. Supp. 2d at 642 ("The entire purpose of § 1915(g) would be subverted if prisoners could skirt its procedural bar merely by appending unexhausted claims to a complaint otherwise subject to summary dismissal on the merits.").

At this point, it appears that the Seventh Circuit is the only other circuit court that has addressed the precise mixed-dismissal issue raised by this appeal, and the Seventh Circuit reached the opposite conclusion. *See Turley*, 625 F.3d at 1013 ("Thus, consistent with the plain language of the [Prison Litigation Reform Act], we conclude that the dismissal of an action, in part for failure to exhaust and in part as frivolous, malicious or for failure to state a claim does not constitute a strike under § 1915(g)."). The Seventh Circuit reasoned that "[a] prisoner's failure to exhaust administrative remedies is statutorily distinct from his failure to state a claim upon which relief may be granted. The dismissal of an action for failure to exhaust therefore does not incur a strike." *Id.* (citations omitted). We find this reasoning unpersuasive. In *Pointer*, the Sixth Circuit did not impose a strike due to the prisoner's failure to exhaust. Instead, the court

imposed a strike because the prisoner had asserted several claims that failed to state a claim for relief. As the court explained:

> It is the very nature of a mixed dismissal . . . that strongly supports application of the *Clemons* approach. If [the prior case] was solely dismissed for failure to exhaust, [plaintiff] would have a more compelling argument that a strike should not be assessed. But where an entire complaint is dismissed, in part for failure to exhaust and in part for one of the grounds stated in § 1915(g), the dismissal should count as a strike.

*Pointer*, 502 F.3d at 375-76 (footnote omitted).

In sum, because it appears to be the better-reasoned decision, we adopt the Sixth Circuit's reasoning in *Pointer* and assess a third strike against plaintiff. Accordingly, we: (1) **DENY** plaintiff's motion for leave to proceed on appeal without prepayment of costs or fees and **VACATE** the order entered by this court on June 1, 2011, assessing partial payments; and (2) **ORDER** plaintiff, within thirty days, to either pay the entire appellate filing fee of $455.00 to the district court or show cause why he is exempt from the three-strikes bar in 28 U.S.C. § 1915(g) because he is under imminent danger of serious physical injury. If plaintiff subsequently fails to make full payment or adequately show that he meets the imminent harm exception, this appeal will be promptly dismissed.