**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ERIC ADAMS,

       Plaintiff-Appellant,

v.

J. NEGRON; R.A. PERDUE;
P. LAIRD; R.E. HOLT,

       Defendants-Appellees.

No. 03-1110
(D.C. No. 02-N-631 (MJW))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff-appellant Eric Adams, a federal prisoner appearing pro se, appeals

from the dismissal of his civil rights suit filed under *Bivens v. Six Unknown*

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Plaintiff contends that his Due Process and Eighth Amendment constitutional rights were violated when he was placed in a highly structured, restrictive prison housing unit called the "K & C Model Management Program." He contends he was improperly placed in the K & C Program as a sanction after he was found guilty in a prison disciplinary hearing for possessing a weapon. Plaintiff later amended his complaint, seeking an injunction to prevent his transfer from the United States Penitentiary (USP) in Florence, Colorado, to USP in Marion, Illinois, claiming the transfer was in retaliation for his *Bivens* lawsuit.

Plaintiff filed a motion for summary judgment. Defendants filed a motion to dismiss or, alternatively, for summary judgment, seeking to dismiss the complaint for numerous reasons, including that plaintiff failed to assert any cognizable constitutional violations, and that defendants are entitled to qualified immunity. In a thorough and well-reasoned fifteen-page report, the magistrate judge recommended that plaintiff's complaint be dismissed for failure to state a constitutional violation or a retaliation claim. The district court reviewed the recommendation de novo, adopted it, and granted summary judgment dismissing the complaint.

We have liberally construed plaintiff's pro se pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), and reviewed the district court's grant of summary judgment de novo, *see Barney v. Pulsipher*, 143 F.3d 1299, 1306 (10th Cir. 1998). We affirm for substantially the same reasons given by the district court, including the report and recommendation of the magistrate judge. R. Docs. 48 and 52.

We agree that the facts alleged by plaintiff do not demonstrate that his placement in the K & C Program imposed an "atypical and significant hardship [upon him] in relation to the ordinary incidents of prison life," and, therefore, did not violate his due process rights. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). We also agree that plaintiff's allegations about his conditions of confinement do not constitute an Eighth Amendment violation because his alleged deprivations are not sufficiently serious to rise to the level of a cruel and unusual punishment, nor has plaintiff presented evidence that defendants were deliberately indifferent to any serious medical needs. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991) (describing the objective and subjective components required to state an Eighth Amendment claim). Finally, we agree that, given plaintiff's lengthy record of prison disciplinary actions, legitimate penological interests supported his transfer to USP Marion and, therefore, he cannot show that filing his *Bivens* complaint was the "but for"

cause of his transfer. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (holding that plaintiff must prove that "but for" the allegedly retaliatory motive, the adverse action would not have taken place).

The judgment of the district court is AFFIRMED. Plaintiff's motion to proceed on appeal without prepayment of fees and costs is GRANTED, and he is reminded that he is obligated to continue making partial payments toward the balance of his assessed fees and costs until they are paid in full. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge