FILED
United States Court of Appeals
Tenth Circuit

October 13, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ERIC ADAMS,

        Plaintiff-Appellant,

v.

R. WILEY; D. ROY; T. HERMAN;
R. MARTINEZ; MICHAEL
K. NALLEY; HARRELL WATTS,

        Defendants-Appellees.

No. 10-1052
(D.C. No. 1:09-CV-00612-MSK-KMT)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Eric Adams appeals from the district court's order dismissing as untimely his pro se complaint brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). We affirm the dismissal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

Mr. Adams' complaint recites that he is an inmate at the ADMAX facility administered by the Federal Bureau of Prisons (BOP). He subscribes to a magazine entitled *American Curves*. He complains that defendants Roy, Herman, and Martinez, who are BOP prison mailroom staff, violated his constitutional rights by impounding his issues of American Curves. He further alleges that defendant Wiley, the warden at the ADMAX facility, violated his constitutional rights by failing to retain the magazine at the facility pending the resolution of his administrative appeal, and that defendants Nalley and Watts, who are BOP officials, violated his constitutional rights by denying his grievance appeals without reviewing the magazines.

The impoundments allegedly occurred between October 2006 and January 2007, and Mr. Adams was notified of them between December 8, 2006 and February 28, 2007. He finished exhausting his administrative remedies in May 2007 and filed his complaint in district court on March 23, 2009.

The district court reviewed Mr. Adams' complaint and the attachments thereto. After surveying the applicable law, it reached the following conclusions: (1) the limitations period for this *Bivens* action, borrowed from Colorado state law, was two years; (2) Mr. Adams knew of his injury no later than December 8, 2006, and therefore had two years from that date to file suit; (3) under applicable Colorado law, Mr. Adams was not entitled to automatic tolling of the statute of

limitations during the period he was exhausting his administrative remedies; and (4) Mr. Adams failed to show any impediment that prevented him from filing this suit during the year and a half between the time he finished exhausting his administrative remedies and the expiration of the statute of limitations. The district court therefore determined that Mr. Adams was not entitled to equitable tolling and that his complaint was untimely under the two-year statute of limitations.

We review de novo the legal issue of whether the district court properly applied the statute of limitations. *See Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1194 (10th Cir. 1998). "In conducting our review, we accept all well-pleaded allegations in the Complaint as true and construe them in the light most favorable to Plaintiff." *Id.* at 1195. We review the district court's refusal to apply equitable tolling, however, for an abuse of discretion. *Garrett v. Fleming*, 362 F.3d 692, 695 (10th Cir. 2004).

### 1. Claims Against Mailroom Staff

Mr. Adams argues that his claims against the mailroom staff did not accrue for statute of limitations purposes until he had finished exhausting his administrative remedies under the procedures provided by the BOP, in May 2007. We disagree.

Under federal law, a *Bivens* cause of action accrues "when the plaintiff knows or has reason to know of the existence and cause of the injury which is the

basis of his action." *Hoang Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004) (quotation omitted). Mr. Adams' claims against the mailroom staff accrued when he was first notified of the impoundments. The fact that the impoundment decision could later have been reversed through the grievance process did not extend the accrual date of these claims. The injury resulting from the actions of the mailroom staff was complete when they withheld the magazines and returned them to the publisher.

To the extent the requirement of exhausting his administrative remedies interfered with Mr. Adams' ability to file a timely complaint in district court, his remedy was to seek equitable tolling of the statute of limitations. *See, e.g., Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007). The district court denied Mr. Adams equitable tolling because he failed to show any impediment to filing between May 2007 and December 2008. We agree with its reasoning on this issue. *See Braxton v. Zavaras*, 614 F.3d 1156, No. 10-1053, 2010 WL 2991382, at *3-*5 (10th Cir. Aug. 2, 2010) (discussing due diligence requirement for equitable tolling under Colorado law). We therefore affirm the district court's order dismissing his complaint against these defendants, for substantially the reasons stated in its Opinion and Order Granting Motions to Dismiss, dated February 10, 2010.

## 2. Claims Against Warden and BOP Personnel

Mr. Adams' claims against defendants Wiley, Nalley, and Watts require a slightly different analysis. To the extent that he complains of actions that the warden took that were known or apparent to Mr. Adams at the time the magazines were impounded, his claims clearly are time-barred, for the reasons we have stated. To the extent that he complains about allegedly unconstitutional actions taken *during* the administrative appeals process, however, his claims may not be untimely. *See Kripp v. Luton*, 466 F.3d 1171, 1174-77 (10th Cir. 2006) (holding claims relating to unconstitutional seizure accrued at time of seizure; but claims about denial of due process during forfeiture process pertaining to seized property accrued when property was declared forfeited as result of administrative procedure). Nevertheless, they fail as a matter of law.

Mr. Adams' claim against the warden, Mr. Wiley, that he violated BOP regulations by returning the magazines to the publisher rather than retaining them for appellate review, lacks merit even if it were construed as timely. The magazines were rejected for sexually explicit content or nudity. In the case of materials rejected on that basis, the warden is *not* required to retain the magazine for purposes of appeal; instead he must return it to the publisher. BOP Program Statement 5266.10(7)(a)(7), (9). Mr. Adams' complaint therefore fails to state a claim as a matter of law.

Nor are Mr. Adams' claims against Messrs. Nalley and Watts, who rejected his grievances, adequate to survive dismissal, even if these claims only arose when the grievances were ruled upon. As the district court noted, denial of a grievance alone does not constitute "personal participation" in the denial of a constitutional right sufficient to support a *Bivens* claim against these individuals. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (holding "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under [42 U.S.C.] § 1983"). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) (requiring personal participation to support *Bivens* claim). Mr. Adams asserts that the defendants denied him due process by failing to review the entire magazines as required before denying his appeal. Even assuming that this constitutes sufficient personal participation to state a claim, the claim fails because the Program Statement did not require these defendants to review the entire magazines.

We AFFIRM the dismissal for untimeliness of Mr. Adams' claims based on the seizure of his magazines. To the extent he has alleged any timely claims relating to the administrative process against defendants Wiley, Nalley, or Watts,

we AFFIRM the dismissal on the basis that such allegations fail to state a claim.

Mr. Adams' motion to proceed in forma pauperis is GRANTED.

Entered for the Court


Bobby R. Baldock
Circuit Judge
