**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERIC ADAMS,

     Plaintiff - Appellant,

v.

UNITED STATES,

     Defendant - Appellee.

_____

In re: ERIC ADAMS,

     Petitioner.

No. 19-1301
(D.C. No. 1:19-CV-01643-LTB)
(D. Colo.)

No. 19-1311
(D.C. No. 1:19-CV-01643-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **PHILLIPS**, and **CARSON**, Circuit Judges.
_____

Eric Adams, a federal prisoner, filed a pro se complaint against the United

States, purporting to raise a claim under the Federal Tort Claims Act (FTCA),

28 U.S.C. §§ 1346(b), 2671-2680.  The district court denied Adams's request to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceed in forma pauperis (IFP) on the ground that Adams had incurred at least three strikes under 28 U.S.C. § 1915(g). When Adams failed to timely pay the filing fee, the court dismissed the action without prejudice under Fed. R. Civ. P. 41(b).

Adams, proceeding pro se, appeals the dismissal, contending that he has only two strikes and that the district court, therefore, erred in denying his request for IFP status. He also petitions for a writ of mandamus, contending the district court erred in barring him from filing a Fed. R. Civ. P. 54 or 59(e) motion and denying his request to proceed IFP on appeal. And in both his appeal and his mandamus petition, Adams seeks leave to proceed IFP. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse the district court's dismissal, grant Adams's motions to proceed IFP with his appeal and mandamus, deny his mandamus petition as moot, and remand for further proceedings consistent with this opinion.

## BACKGROUND

On June 6, 2019, Adams filed a pro se complaint under the FTCA, alleging that employees with the Bureau of Prisons (BOP) were tampering with his meals and "causing physical ailments." R. Vol. 1 at 8. The district court denied Adams's request to proceed IFP, finding it "undisputed that Mr. Adams has filed more than three actions in a court of the United States while he was incarcerated or detained in any facility that were dismissed for failure to state a claim." *Id.* at 30. In particular, the court cited the following dismissals: (1) *Adams v. Wiley*, No. 09-cv-00612-MSK-KMT, 2010 WL 551394 (D. Colo. Feb. 10, 2010), *aff'd*, 398 F. App'x 372 (10th Cir. 2010); (2) *Adams v. Trant*, No. 090779, 2009 WL 1159219 (D.D.C. Apr. 29, 2009),

2

*aff'd*, 331 F. App'x 758 (D.C. Cir. 2009) (per curiam); and (3) *Adams v. Negron*,

No. 02-N-631-MJW, 2003 U.S. Dist. LEXIS 28584 (D. Colo. Mar. 11, 2003), *aff'd*,

94 F. App'x 676 (10th Cir. 2004). The court, therefore, concluded Adams was

subject to the three-strikes bar under § 1915(g). The court further concluded

Adams's "allegations fail to demonstrate he is in imminent danger of serious physical

injury that would entitle him to the exception to the § 1915(g) bar." R. Vol. 1 at 33.

The court informed Adams that his complaint would be dismissed if he did not pay

the full $400.00 filing fee within thirty days.

Thereafter, Adams failed to timely pay the filing fee, and the district court

dismissed the action without prejudice under Fed. R. Civ. P. 41(b). Adams filed a

motion for reconsideration that the court considered under Fed. R. Civ. P. 59(e),

contending the court erred in determining he did not qualify for the imminent-danger

exception to § 1915(g). Adams did not challenge the district court's determination

that he had three strikes. The court denied Adams's motion, stating he had "not

provide[d] any new arguments for why he should be granted leave to proceed [IFP]."

*Id.* at 57. Adams timely appealed.

## DISCUSSION

Adams argues the district court erred in finding he had three strikes and was

subject to the bar under § 1915(g). We agree, but not for the reasons he contends.

### A. Standard of Review

"We review dismissals under Rule 41(b) for abuse of discretion." *Nasious v.*

*Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). "An abuse of

3

discretion occurs where a decision is premised on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1223 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 638 (2018). With respect to the district court's determination that Adams had three strikes under § 1915(g), our review is de novo. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1309 (10th Cir. 2011). Finally, because Adams is "proceeding pro se, we liberally construe [his] pleadings." *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010).

## B. IFP Status Under § 1915

Under 28 U.S.C. § 1915(b)(1), prisoners bringing civil actions may be granted leave to proceed IFP and avoid prepaying the filing fee, but they remain responsible for paying the filing fee in full. *See* 28 U.S.C. § 1915(b)(1). This privilege to proceed IFP also is limited by the three-strikes provision in § 1915(g). Under § 1915(g), "prisoners obtain a 'strike' against them for purposes of future [IFP] eligibility when their 'action or appeal in a court of the United States was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) (alterations omitted) (quoting 28 U.S.C. § 1915(g)), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). And when prisoners accumulate three strikes, they must "prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d 775, 778 (10th Cir. 1999) (internal quotation

4

marks omitted), *abrogated in part on other grounds by Coleman*, 575 U.S. 532. The "only exception" to the prepayment requirement is when a prisoner with three strikes raises "a credible allegation that he is in imminent danger of serious physical harm." *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998).

### C. Adams's IFP Status

Adams seeks leave to proceed IFP both on his appeal and his mandamus petition. We issued show-cause orders, questioning whether he was barred from proceeding IFP under § 1915(g), citing the same cases cited by the district court. Adams responded that the dismissals in *Trant*, 2009 WL 1159219, and *Negron*, 2003 U.S. Dist. LEXIS 28584, constituted strikes but that the dismissal in *Wiley*, 2010 WL 551394, should not have counted. He reiterated this argument in his brief and also contended the district court erred in rejecting his request for the imminent-danger exception to § 1915(g).

First, we agree with his concession that *Trant* constitutes a strike. The district court dismissed the action under 28 U.S.C. § 1915A(b) "for failure to state a claim upon which relief can be granted.," *Trant*, 2009 WL 1159219, at *1, and that ruling was affirmed on appeal, *Trant*, 331 F. App'x 758. That dismissal constitutes a strike under § 1915(g). *See Hafed*, 635 F.3d at 1175 (holding "that a dismissal under 28 U.S.C. § 1915A counts as a strike when the action was dismissed . . . for failure to state a claim").

Next, we reject Adams's objection to *Wiley* being counted as a strike. The district court dismissed the complaint in that case "as untimely," *Wiley*, 2010 WL

5

551384, at *4, which Adams contends is not one of the grounds specified in § 1915(g).[1]  However, in dismissing the complaint as untimely, the court clarified it was granting the defendants' motions to dismiss, which squarely raised the timeliness issue under Fed. R. Civ. P. 12(b)(6).  *See generally Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) ("A statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." (internal quotation marks and alteration omitted)).  Accordingly, while not explicitly stated in the district court's decision or our decision on appeal, the record is clear that the district court dismissed the complaint for "fail[ure] to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g); *see also Childs v. Miller*, 713 F.3d 1262, 1266 (10th Cir. 2013) (holding a "dismissal for failure to state a claim under Rule 12(b)(6)" is a strike under § 1915(g)).

The final strike identified by the district court was *Negron*, 2003 U.S. Dist. LEXIS 28584.  The district court originally identified this as a strike in 2011, describing the case as "dismissed for failure to state a constitutional violation." *Adams v. Davis*, No. 11-cv-01521-BNB, 2011 U.S. Dist. LEXIS 157566, at *3 (D. Colo. Aug. 18, 2011).  Adams did not appeal that decision and or otherwise dispute its characterization of *Negron* as a strike.  Since *Davis*, the district court, along with this

---

[1] Adams asserted in the mandamus proceeding that *Wiley* was dismissed "for failure to pay filing fee," but that is incorrect.

court, has consistently listed *Negron*, *Wiley*, and *Trant* as Adams's strikes.[2]  Despite

these repeated characterizations, however, closer inspection reveals *Negron* was not a

strike under § 1915(g).

In *Negron*, Adams sued several BOP officials for alleged constitutional

violations based upon his transfer to a restrictive housing assignment.  The

defendants filed a "Motion to Dismiss or, Alternatively, Motion for Summary

Judgment," which the magistrate judge recommended granting.  *Adams v. Negron*,

No. 02 N 631 (MJW), 2002 U.S. Dist. LEXIS 28944, at *1 (D. Colo. Dec. 6, 2002),

*adopted*, 2003 U.S. Dist. LEXIS 28584 (D. Colo. Mar. 11, 2003).  In his

recommendation, the magistrate judge specifically stated "the defendant's motion to

dismiss should be granted as to [Adams's] due process claim," *id.* at *13, and the

magistrate judge concluded Adams's "claims should be dismissed" because he "ha[d]

not stated a constitutional violation as a result of the defendants' alleged actions."

*Id.* at *19; *see also id.* at *11 (finding a "[f]ailure to state a constitutional claim").

However, in rejecting Adams's Eighth Amendment and retaliation claims, the

magistrate judge considered documents that were not part of Adams's complaint and,

instead, were submitted by the defendants.  *See id.* at *15 (addressing "medical

records filed with the defendants' motion"); *id.* at *17-18 (discussing Adams's

disciplinary history as provided in an exhibit filed by the defendants).  The

---

[2] In addition to the present proceedings, we identified *Negron* as a strike in show-cause orders in the following appeals:  11-1431, 13-1271, 13-1471, 14-1339, 17-1137, 17-1322, and 18-1351.

7

magistrate judge, therefore, effectively reviewed these claims under the summary judgment standard. *See Lamb v. Rizzo*, 391 F.3d 1133, 1136 (10th Cir. 2004) (noting the district court, which purported to dismiss a claim, "clearly relied upon and incorporated into its order granting the motion material derived from documents outside the four corners of [the] complaint," thus "convert[ing] the motion to dismiss into a motion for summary judgment" (internal quotation marks omitted)).

The district court accepted the magistrate judge's recommendation and granted the "[d]efendants' motion to dismiss or for summary judgment," without specifying which alternative motion was being granted. *Negron*, 2003 U.S. Dist. LEXIS 28584, at *3. Although the conclusion of the order states the case was "dismissed with prejudice," *id.*, the body of the order indicates the court granted dismissal in part *and* summary judgment in part. In particular, with respect to Adams's retaliation claim, the court concluded "defendants [were] entitled to *summary judgment*" because "no reasonable jury or fact-finder could find in [Adams's] favor on this record." *Id.* (emphasis added). Moreover, the court found "no evidence in the record" to support Adams's Eighth Amendment claim, *id.* at *2, suggesting a summary judgment ruling. Therefore, notwithstanding the statement that the case was "dismissed," *id.* at *3, the decision constituted a partial dismissal and a partial summary judgment.

In *Thomas v. Parker*, 672 F.3d 1182 (10th Cir. 2012), we addressed a "mixed disposition" in which the district court "(1) dismissed two counts in plaintiff's complaint for failure to state a claim; and (2) granted summary judgment and dismissed the remaining sixteen counts in plaintiff's complaint for failure to exhaust

8

administrative remedies." *Id.* at 1183. Because § 1915(g) "refers to dismissals of '*actions*,' as opposed to '*claims*,'" we stated "a partial dismissal based on one of the grounds enumerated in § 1915(g) is generally not a proper basis for assessing a strike." *Id.* (citing decisions from other circuits "holding that [the] plain language of § 1915(g) provides that a plaintiff will incur a strike only when an entire action is dismissed based on one of the listed grounds"). Nevertheless, we concluded a mixed disposition can constitute a strike when "the plaintiff's claims are dismissed in part for failure to state a claim and in part for failure to exhaust administrative remedies, and no claims are allowed to proceed on the merits." *Id.* at 1184. We reasoned that unexhausted claims "were in effect a nullity" and that "the congressional purpose of § 1915(g) would be subverted if . . . a prisoner could repeatedly escape imposition of a strike" "by adding unexhausted claims to a complaint that otherwise does not state a claim upon which relief may be granted." *Id.* (internal quotation marks omitted).

The mixed disposition in *Negron* does not fit the exception recognized in *Thomas*. The district court rejected Adams's Eighth Amendment and retaliation claims as being unsupported, not unexhausted. Because the entire action was not dismissed "based on one of the grounds enumerated in § 1915(g)," *Negron* cannot constitute a strike. *Id*. at 1183. Because *Trant* and *Wiley* appear to be Adams's only strikes, the district court erred in denying Adams's request to proceed IFP under § 1915(g). And because the dismissal of Adams's action was based solely on his

9

failure to timely pay the filing fee, we reverse the dismissal and remand this matter to the district court to determine whether Adams is otherwise entitled to proceed IFP.[3]

## CONCLUSION

Adams has an extensive litigation history. But for purposes of the present action, it appears he has only two strikes, not three,[4] and he may proceed IFP as long as he is otherwise entitled to that status. We, therefore, reverse the district court's judgment and remand the case for further proceedings consistent with this opinion. Additionally, we grant Adams's request to proceed IFP on appeal and in connection with his petition for a writ of mandamus. We remind him, though, that the IFP status only eliminates the need for prepayment of the filing fees and that he remains obligated to continue making payments until the fees are paid in full. *See* 28 U.S.C. § 1915(b)(1). Finally, because this disposition effectively moots the relief sought in Adams's petition for a writ of mandamus, we deny the petition as moot.

Entered for the Court

Joel M Carson III
Circuit Judge

---

[3] Because of this disposition, we need not address Adams's contention in his brief that he satisfied the imminent-danger exception to § 1915(g) or his contentions in his mandamus petition that the district court erred in precluding him from filing other post-judgment motions and in denying his request to proceed IFP on appeal.

[4] We express no opinion as to whether he has incurred additional strikes since filing his complaint in the present action.

10