FILED
United States Court of Appeals
Tenth Circuit

February 2, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID KEITH WILLIAMS,

    Plaintiff - Appellant,

v.

ANITA TRAMMELL; JOHN MARLAR;
MONA ALLEN; DAVID ORMAN;
STEVE THOMPSON; BILL
THIBODEAUX; JERRY PERRY; CPT. L.
LONG; OFFICER SUDDITH; SGT. S.
MARSHALL; SGT. MCCALL; JANE
DOE,

    Defendants - Appellees.

No. 16-7026
(D.C. No. 6:14-CV-00487-RAW-SPS)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

    David Keith Williams, an inmate at the Oklahoma State Penitentiary in

McAlester, Oklahoma, appeals from the dismissal of his prison civil rights action

seeking redress for several alleged constitutional violations under 42 U.S.C. § 1983.

On the basis of its review of the complaint and the *Martinez* report ordered from the

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

defendants, the district court concluded that some of Mr. Williams' allegations did not state a claim for relief and the remainder failed for lack of exhaustion of prison remedies required by 42 U.S.C. § 1997e(a).[1] Consistent with *Thomas v. Parker*, 672 F.3d 1182, 1183-85 (10th Cir. 2012), the district court assessed a strike under 28 U.S.C. § 1915(g). On de novo review, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009), we affirm the district court for substantially the reasons stated in its thorough opinion and order, which Mr. Williams has failed to effectively challenge on appeal.

The parties are familiar with Mr. Williams' allegations, which may therefore be summarized very briefly. One of Mr. Williams' main complaints was his inability to select any particular food tray off the tray cart as it passed from cell to cell in the facility. He claimed he wanted to do this to avoid food contamination that could occur due to prison officers' lax handling of the trays. He also alleged he received inadequate medical attention when his left little finger was broken and he was pepper-sprayed during an incident in which officers had to remove him from his cell. Another complaint about medical care involved an allegedly inadequate response to an isolated episode, lasting for less than a day, in which his urine appeared brown. Finally, he alleged interference with his use of the prison mail system. In this regard, he claimed that some of the letters he had sent to persons outside the facility were

---

[1] While a *Martinez* report cannot be used to resolve genuine factual disputes, it may, to the extent it is uncontroverted, support dismissal for failure to state a claim and for lack of exhaustion. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067-68 & n.7 (10th Cir. 2009).

2

suspiciously unanswered and, more generally, that he and other inmates were at times intimidated when officers stood by the mail bag and acted in (unspecified) racist ways to interfere with their use of it. His complaint also mentioned other incidents that occurred earlier than the matters recounted above, but he has since insisted they were included only as background and not as stand-alone claims.

In its opinion and order disposing of the case, the district court dismissed Warden Anita Trammell and Dr. John Marlar from the suit for lack of actionable allegations of personal participation with respect to any of Mr. Williams' claims. Nothing Mr. Williams argues on appeal demonstrates any error in this ruling.

The district court then turned to the claims relating to medical treatment. It rejected as mere speculation Mr. Williams' allegations about medical staff colluding with other officers by ignoring his concerns about possible contamination of food trays while they were being distributed. As for the alleged injury to Mr. Williams' finger and the effects of the pepper spray, the district court rejected his claims due to the lack of allegations that he brought these matters to the attention of the medical staff. The district court noted that he did not even mention them when he submitted a request for health services less than a week after the incident. As for the temporary appearance of a brown color in his urine, medical staff responded to his initial complaint, took his vital signs, and inquired how he felt. Normal color returned the same day and he did not at that time submit a request for medical services over the matter. Sometime later, however, he filed a grievance claiming he had a burning feeling in his kidneys and genital area, which he attributed to being left in his cell

3

after medical staff's initial response.  The district court held these circumstances did not state a claim, because the medical care provided on the day of the incident did not reflect deliberate indifference and, given the absence of a request for further medical services, medical staff did not know about and ignore any serious medical problem. Nothing Mr. Williams argues on appeal demonstrates any error in the district court's rulings on these matters as well.

As noted above, the district court dismissed the rest of Mr. Williams' claims for lack of exhaustion, explaining various deficiencies in his flawed and incomplete use of prison grievance procedures:  requests to staff not followed up by grievances; grievances submitted without necessary documents; grievance denials not followed up by appeals.  Once again, nothing Mr. Williams argues on appeal demonstrates any error in the district court's ruling.  He does state in very general terms that staff has interfered with mail involving some grievances and grievance appeals (among other things), but he never specifically ties this broad allegation to any of the particular exhaustion deficiencies identified by the district court in its ruling.[2]  In this vein, he also complains about the lack of success he and others have had with grievances, but a prisoner's duty to exhaust under § 1997e(a) does not turn on past success or failure with prison administrative remedies.

---

[2] In this regard, he also refers us generally to the allegations of interference with mail included in his complaint, which we have reviewed.  These also provide no specifics that would call into question the district court's issue-by-issue exhaustion determination.

4

"The first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Mr. Williams has not done so, largely by failing to come to grips with the specific reasons stated by the district court for its various rulings. Much of his briefing concerns matters either immaterial to the disposition under review or mentioned so perfunctorily as to fail to frame a proper issue for review.[3] While we liberally construe his pro se briefing, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), we may not adopt the role of advocate and make arguments for him, *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013). Adhering to such strictures, we affirm the district court's dismissal of his action.

One last matter must be addressed. Mr. Williams contends the magistrate judge erred in denying his motion for default judgment against defendant Bill Thibodeaux. The magistrate judge explained that Mr. Thibodeaux had not been properly served and, upon waiving service and obtaining leave to respond within twenty days, had filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). We lack jurisdiction to directly review this order, for which Mr. Williams did not seek review by the district court. *See S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1269 (10th Cir. 2010). Mr. Williams contends the magistrate judge lacked authority to decide the matter, but the jurisdictional nature of this objection does not alter our

---

[3] We note he complains about the confiscation of legal books and papers in his possession, for violations of prison regulations, in January of 2016. But he does not explain how that action affected his ability to oppose defendants' motions to dismiss, given that he had completed his briefing in that regard two months earlier.

decision, for two reasons. First, our lack of appellate jurisdiction precludes us from reviewing the magistrate judge's order in any respect, including for defects relating to jurisdiction. *See Lang v. Lang (In re Lang)*, 414 F.3d 1191, 1194-95 (10th Cir. 2005) (holding "our power to review any decision—including decisions involving a lower court's subject matter jurisdiction—depends on our appellate jurisdiction"). Second, we have held that objections to a magistrate judge's authority do not implicate subject matter jurisdiction and therefore may be lost through a failure to preserve them before the district court. *See Clark v. Poulton*, 963 F.2d 1361, 1366-67 (10th Cir. 1992).[4]

The judgment of the district court is affirmed. Mr. Williams' "Motion for Leave to Compel Appellee's [sic] to Reproduce (All) Pleadings of Appellant in the District Court (E.D. Ok.) at Their Expense" is denied. In light of the frivolous nature of this appeal, we also deny his motion for leave to proceed in forma pauperis and we

---

[4] We recognize that the magistrate judge's order was issued on the same day the district court dismissed the case. But that did not preclude Mr. Williams from seeking post-judgment review of the magistrate judge's order and, if successful, securing an amended judgment in his favor on claims against Mr. Thibodeaux. That said, we do not mean to imply that we discern any defect, jurisdictional or otherwise, in the magistrate judge's determination.

Mr. Williams also contends that Mr. Thibodeaux lacked counsel at the time the district court ruled on his motion to dismiss and that this deprived the district court of jurisdiction as well. A defendant need not be represented by counsel for the district court to have jurisdiction to rule on claims asserted against him.

assess a strike against him under 28 U.S.C § 1915(g).  Mr. Williams remains obligated to pay the full filing for this appeal.

Entered for the Court


Jerome A. Holmes
Circuit Judge