**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

JOSHUA DUANE BUTLER,

    Plaintiff - Appellant,

v.

CARMAN RAINBOLT,
Asst. District Attorney Okmulgee Co,

    Defendant - Appellee.

No. 23-7091
(D.C. No. 6:23-CV-00397-RAW-JAR)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT\***
_____

Before **BACHARACH**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Joshua Duane Butler appeals from the district court's dismissal of his 42 U.S.C. § 1983 suit against Okmulgee County, Oklahoma, Assistant District Attorney Carman Rainbolt.[1] Exercising jurisdiction under

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Butler spells Rainbolt's first name "Carmen," but our review indicates the proper spelling is "Carman."

28 U.S.C. § 1291, we affirm in part and vacate and remand for further proceedings in part.

## BACKGROUND

Butler faced criminal charges in the district court for Okmulgee County, Oklahoma, case No. CF-2019-00260 (the Criminal Case). Rainbolt was the prosecuting attorney in the Criminal Case.

Butler was detained in jail pending the Criminal Case. In 2020, he brought suit in federal district court against Okmulgee County Sheriff Eddie Rice regarding the conditions at the jail. The federal district court designated the civil rights case as No. 20-cv-231-RAW-SPS (the Civil Case).[2] Butler alleges Rainbolt represented Rice in the Civil Case. In 2021, the district court dismissed the Civil Case for failure to state a claim.

Butler believes Rainbolt created a conflict of interest by serving as both the prosecuting attorney in the Criminal Case and the defense attorney in the Civil Case. In 2023, he filed a § 1983 complaint in federal district court against Rainbolt in his official and individual capacities, as a prosecutor and as a defense attorney. He alleged that Rainbolt violated his right to due process by forcing him to "walk away/give up" the Civil Case

---

[2] Butler lists the case number as CIV-21-231-RAW-SPM, but the case *Butler v. Rice* in the Eastern District of Oklahoma was No. 20-cv-231-RAW-SPS.

and take a plea deal or face the possibility of a life sentence in the Criminal Case. R. at 8 (capitalization omitted). For relief, he sought monetary awards against Rainbolt in both his official and individual capacities.[3]

The district court disposed of the case on screening under 28 U.S.C. § 1915A. It noted that the Eleventh Amendment protects states against damages suits. Then, citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), and *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993), it held Butler's claims were barred by absolute prosecutorial immunity. It dismissed Butler's complaint for failing to state a claim upon which relief can be granted and seeking monetary relief from a defendant who was immune from such relief. *See* § 1915A(b)(1), (2). It also assessed a strike under 28 U.S.C. § 1915(g).

Butler now timely appeals.

## DISCUSSION

Under § 1915A(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Under § 1915A(b), "the court shall . . . dismiss the complaint, or any portion" thereof, if it "(1) is frivolous,

---

[3] Butler also requested the district court allow him to litigate the Civil Case, but such relief is not available in this suit, which is separate and distinct from the Civil Case.

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Our review is de novo. *See McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001) (de novo review of a dismissal under § 1915A); *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (de novo review of absolute immunity). Because Butler proceeds pro se, we construe his filings liberally, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## I.    Criminal Case:  Official-Capacity Claim

Butler seeks monetary relief from Rainbolt in his official capacity with regard to the Criminal Case. In bringing the Criminal Case, Rainbolt acted as an official of the State of Oklahoma. *See Laidley v. McClain*, 914 F.2d 1386, 1392 (10th Cir. 1990) (stating that "under Oklahoma law the district attorney is an arm of the state"), *superseded by rule on other grounds*. "Eleventh Amendment sovereign immunity bars suits for money damages against states, state agencies, and state officers in their official capacities." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1213 (10th Cir. 2022), *cert. denied*, 143 S. Ct. 1748 (2023). Accordingly, the district court did not err in applying § 1915A(b)(2) to dismiss the official-capacity claim based upon the Criminal Case.

## II.    Criminal Case:  Individual-Capacity Claim

Butler also seeks monetary relief from Rainbolt in his individual capacity with regard to the Criminal Case. "[T]he Eleventh Ammendment does not erect a barrier against suits to impose individual and personal liability on state officials under § 1983." *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991) (internal quotation marks omitted). But "[a]n officer in an individual-capacity action . . . may be able to assert *personal* immunity defenses, such as, for example, absolute prosecutorial immunity in certain circumstances." *Lewis v. Clarke*, 581 U.S. 155, 163 (2017).

A prosecutor is absolutely immune from civil liability for damages for acts he undertakes "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" *Buckley*, 509 U.S. at 273; *see also Imbler*, 424 U.S. at 431 ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). The complaint challenges Rainbolt's conduct during plea negotiations, which is an activity that falls within the scope of prosecutorial immunity. *See Hammond v. Bales*, 843 F.2d 1320, 1321-22 (10th Cir. 1988). Rainbolt thus is entitled to absolute prosecutorial immunity from Butler's individual-capacity damages claim based on the Criminal Case, and the district court did not err in dismissing that claim under § 1915A(b)(2).

### III.   Civil Case

Before this court, Butler specifies that he brought claims against Rainbolt not only as a prosecutor in the Criminal Case, but as a defense attorney in the Civil Case. He asserts that the district court "only looked at grounds that give Rainbolt prosecutorial im[m]unity, but failed to see Rainbolt as defense counsel." Aplt. Opening Br. at 4 (capitalization omitted). We agree. The district court did not undertake the analysis necessary to dismiss the claims based on the Civil Case due to Eleventh Amendment immunity or prosecutorial immunity.

In the Civil Case, Rainbolt allegedly defended a county official. But counties are not entitled to Eleventh Amendment immunity. *See Mahdi v. Salt Lake Police Dep't*, 54 F.4th 1232, 1240 (10th Cir. 2022). Accordingly, before it could apply Eleventh Amendment immunity to the official-capacity claims based on the Civil Case, the court had to determine that Rainbolt acted as an official of the State rather than the county. That he acted as an official of the State in the Criminal Case does not mean that he acted as an official of the State in the Civil Case. *See Couser v. Gay*, 959 F.3d 1018, 1025 (10th Cir. 2020) ("[A]n official may be considered a state official for the purpose of one function and a municipal official for another."). It is unclear whether Eleventh Amendment immunity should apply here, because the

6

district court did not determine that Rainbolt acted as an official of the State in the Civil Case.

Further, Rainbolt is not entitled to absolute prosecutorial immunity simply because he is an Assistant District Attorney. *See Buckley*, 509 U.S. at 269 (describing the Court's "functional approach, which looks to the nature of the function performed, not the identity of the actor who performed it" (citation and internal quotation marks omitted)); *id.* at 273 ("[T]he actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor."). The Supreme Court has "been quite sparing in [its] recognition of absolute immunity, and [has] refused to extend it any further than its justification would warrant." *Burns v. Reed*, 500 U.S. 478, 487 (1991) (citation and internal quotation marks omitted). The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." *Id.* at 486-87. Accordingly, before the district court could apply prosecutorial immunity to the claims based on the Civil Case, it had to determine that the complaint challenged functions that warrant absolute immunity. It did not make that determination.

For these reasons, we vacate the dismissal of the claims based on the Civil Case and remand for further proceedings.

## IV.    Assessment of a Strike

Because we vacate the district court's dismissal order in part and remand for further proceedings on the claims based on the Civil Case, we also vacate the court's assessment of a strike under § 1915(g). *See Thomas v. Parker*, 672 F.3d 1182, 1183 (10th Cir. 2012) ("Because the statute refers to dismissals of '*actions*,' as opposed to '*claims*,' it is well established that a partial dismissal based on one of the grounds enumerated in § 1915(g) is generally not a proper basis for assessing a strike."). Once the district court disposes of the remanded claims, it may consider whether it is appropriate to re-assess a strike.

## CONCLUSION

We affirm the dismissal of the claims based upon the Criminal Case, but we vacate the dismissal of the claims based upon the Civil Case and remand for further proceedings. We deny Butler's "Motion to File Grievance Against Defendant," in which Butler requests sanctions against Rainbolt.

Entered for the Court

Richard E.N. Federico
Circuit Judge