**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**August 27, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DAVID GEORGE CLARK,

    Plaintiff - Appellant,

v.

STATE OF OKLAHOMA; KEVIN
STITT, Governor; OKLAHOMA
DEPARTMENT OF CORRECTIONS,
Director; WENDELL FRANKLIN, Chief;
RANDY HARDING, Warden of DCCC,

    Defendants - Appellees.

No. 24-5044
(D.C. No. 4:24-CV-00004-JFH-JFJ)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Plaintiff David George Clark, an Oklahoma state prisoner appearing pro se,

appeals the district court's dismissal of his complaint.  We exercise jurisdiction under

28 U.S.C. § 1291 and affirm.  We also deny his motion to proceed *in forma pauperis*.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Plaintiff filed a claim under 42 U.S.C. § 1983, alleging that he is entitled to immediate release because Defendants deprived him of life, liberty, and property in violation of his constitutional rights.  The district court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a).  The district court found Plaintiff failed to state a claim upon which it could grant relief because Plaintiff challenged the legality of his custody, the statute of limitations barred some of his claims, and the complaint lacked sufficient facts to provide fair notice of the claims against Defendants.  So, the district court dismissed his complaint without prejudice.  Plaintiff then filed an Amended Complaint, which the district court likewise screened and dismissed—for substantially the same reasons it dismissed his original complaint.  Plaintiff appeals.

II.

We review de novo the district court's decision to dismiss a complaint for failure to state a claim upon which relief may be granted—including when the dismissal occurs during the 28 U.S.C. § 1915A(a) screening process.  Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009) (citing McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001)).  "We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." Id. (quoting Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007)). We also liberally construe pro se filings.  James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013) (citing Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)).

2

Plaintiff makes one argument in his brief for why the district court erred in dismissing his Amended Complaint: Oklahoma lacks jurisdiction to prosecute him for his crimes.[1]  But this argument lacks any legal basis in the context of a § 1983 action.

A prisoner may challenge the conditions of his confinement under a § 1983 action, but a prisoner's only avenue to challenge the fact or duration of confinement—or to receive a remedy that would result in the prisoner's release from that confinement—is through habeas corpus.  Boutwell v. Keating, 399 F.3d 1203, 1208–09 (10th Cir. 2005) (citing Preiser v. Rodriguez, 411 U.S. 475, 499 (1973)); Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" (quoting Rodriguez, 411 U.S. at 489)).  A prisoner also may not recover monetary damages for an alleged unconstitutional incarceration until his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck v. Humphrey, 512 U.S. 477, 486–87 (1994) (citing 28 U.S.C. § 2254).

Plaintiff challenges the facts of his confinement through a § 1983 action, not a habeas petition, and seeks monetary damages for his alleged unconstitutional

---

[1] Plaintiff also argues that the Federal government preempts Oklahoma's state laws on Indian reservations.  But this argument falls within his assertion that Oklahoma lacks jurisdiction to prosecute him for his crimes.

incarceration even though no court has reversed his conviction. Because Plaintiff may not use § 1983 as a vehicle to challenge the legality of his conviction, the district court did not err in dismissing his Amended Complaint.

III.

We AFFIRM the district court's judgment. Defendant has presented no non-frivolous argument in favor of reversal. Accordingly, we DENY Plaintiff's motion to proceed *in forma pauperis* and remind Plaintiff of his obligation make full and immediate payment of his appellate filing fees. Ford v. Pryor, 552 F.3d 1174, 1180 (10th Cir. 2008) ("An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." (quoting Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987)).

Pursuant to 28 U.S.C. § 1915(g), a prisoner earns a "strike" when the court dismisses his claim "as frivolous, malicious, or for failure to state a claim." Thomas v. Parker, 672 F.3d 1182, 1183 (10th Cir. 2012) (citing 28 U.S.C. § 1915(g)). The district court's dismissal of his Amended Complaint for failure to state a claim and Plaintiff's frivolous appeal each constitute a strike. See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999), overruled in part on other grounds by Coleman v. Tollefson, 575 U.S. 532 (2015). Plaintiff also accrued one strike in a prior litigation. Clark v. Oklahoma, No. 22-CV-0303 at *4 (N.D. Okla. Jan. 9, 2023) (dismissing Plaintiff's prior suit for failure to state a claim). Because Plaintiff has accrued three strikes, he may not proceed *in forma pauperis* in

4

future civil actions filed in federal court unless the court determines an "imminent danger of serious physical injury" exists.  28 U.S.C. § 1915(g).

Entered for the Court

Joel M. Carson III
Circuit Judge